## Case No. 13,906.

### THOMAS v. PAGE et al.

[3 McLean, 167.][1]

Circuit Court, D. Indiana. May Term, 1843.

NOTES—CONDITIONS—ASSIGNEE WITH NOTICE —PLEADING—PLEA.

1. A note, though absolute on its face. may be made payable, on conditions, by a separate agreement, as between the original parties.

2. And in the hands of an assignee, with full knowledge of the conditions, they take effect. the same as between the original parties.

3. A plea which admits the execution of the instrument, and sets up matter in avoidance, is not objectionable as amounting to the general issue.

[This was an action on a promissory note by Thomas' assignee against W. W. Page and C. O. Page.]

Mr. Cushing. for plaintiff.
Mr. Stevens, for defendants.

OPINION OF THE COURT. This action is brought on a note for $2,316.33 from defendants to Stevens, the assignor of the plaintiff, payable in twelve months. The defendants pleaded nonassumpsit, and also a special plea, alleging that at the time the above note was executed to Stevens, it was given in part consideration of two bills of exchange accepted by Lewis Evans, of Madison, Indiana, both dated 5th October, 1838, for $2,316.33⅓ each, one payable twelve months after date; the other at twenty-four months after date, given to Samuel K. Page, and that it was fully understood that this due bill of W. W. & C. O. Page, for the two thousand three hundred sixteen dollars and thirty-three cents, payable to said Stevens, was not to be considered as an obligation binding on them to pay, if the bills of Lewis Evans were not paid at maturity, and S. K. Page was authorised to compound, if it should be requisite, with Evans, and any loss or expense was to be made and allowed by said Stevens; and that said due bill was not to be of any value, or any demand made on the defendants for it, until said acceptances of said Evans were all paid in cash, and the same produced with the due bill; and the defendants aver that before the assignment of said note to the plaintiff, he had full notice of this agreement; that the acceptor was insolvent. and that no part of the bills had been paid.

The plaintiff demurred to this plea, and assigned, as causes of demurrer (1) that the defeasance set forth in said plea as a bar,

is inconsistent and void; (2) if the defeasance be valid on its face. there is no sufficient averment in the plea that due diligence has been used to collect the bills of exchange; (3) that there is no averment of an offer to return the bills of exchange, and no averment that the defendants have them ready to deliver up to the plaintiff; (4) that the plea amounts to the general issue, and is, therefore, defective.

The inconsistency of the defeasance is not perceived. The note given was to be valid only, on the collection of the drafts or bills. It was. substantially, an agreement to pay the sum named, should the bills be paid by Evans. And any loss or expense was to be allowed the defendant. Samuel K. Page, by Stevens. That is, if a part of the sums called for in the bills should not be received, or the holders of the bills should be subjected to expense, the one or the other or both, as might occur, should be deducted from the note given to him by the defendants. The effect of this arrangement would seem to be, to constitute Samuel K. Page the agent of Stevens, to collect the bills, and that the liability should depend upon the amount that should be received.

It is objected, that there is no sufficient averment in the plea, that due diligence has been used to collect the bills of exchange. There is an averment that at the time the first bill fell due, Evans, the acceptor, was insolvent, and had been so for some time before. This, we think, is sufficient. Under the agreement, the liability of the defendants depended upon the receipt of the money from Evans, and not on any other condition. An agent to whom a bill is sent for collection, may be made liable, if he shall be guilty of negligence in making a demand of the acceptor, and giving notice to the other parties to the bill, through which the holder loses his recourse. But the terms of the agreement set forth in the plea, imposes no such condition; and the demurrer admits the agreement as stated in the plea.

It is also objected, that in the plea there is no offer to return the bills of exchange, and no averment that the defendants have them ready to deliver up to the plaintiff. Until the acceptances of Evans were all paid, there was to be no liability on the note; and when the acceptances were paid, they and the due bill were to be produced. The condition was not, as is contended, that if the acceptances were not paid they were to be produced with the note; for until they were paid, the payment of the note was not to be enforced; and if the acceptances were paid, then the acceptor, of course, would be entitled to the possession of them. The intention of the parties is not clear on this point. It is enough, however, that the defence set up in the plea shows that. under the agreement, no liability has attached to the defendants; and that no right of action has accrued to the plaintiff,

he having full notice of the agreement, before the assignment of the note to him.

The last cause of demurrer assigned is, that the plea amounts to the general issue, and is therefore demurrable. Where the defence consists of matter of fact, merely amounting to a denial of such allegations in the declaration as the plaintiff would be bound to prove in support of his case, the plea is bad, as amounting only to the general issue. But in this case, the facts alleged do not deny the execution of the note, but expressly admit it: and matter of avoidance is alleged. This, then, is neither in substance nor in form the general issue. It gives color to the plaintiff's right, but sets up a distinct agreement, which shows that right was conditional, and that the condition on which the liability was to attach has not happened.

Upon the whole, the demurrer is overruled. On motion, leave is given to file a replication to plea, which being done, the cause was continued.

[For another hearing of this cause, see Case No. 13,907.]